IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAVON JONES JR., et al.,

    Plaintiffs,

v.

BAYER HEALTHCARE LLC,

    Defendant.
_____/

No. C 03-05531 JSW

**ORDER GRANTING MOTION TO SEVER**

Now before the Court is Defendant Bayer Healthcare LLC's ("Bayer") motion to sever pursuant to Federal Rule of Civil Procedure 21. Having carefully reviewed the parties' papers, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS Bayer's motion. The Court finds the present motion appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). Therefore, the hearing date of June 24, 2005 at 9:00 a.m. is HEREBY VACATED.[1] In addition, the Case Management Conference set to follow the hearing is HEREBY VACATED and case management dates remain as set by the Court's previous order during the March 11, 2005 case management conference and as reflected in the Civil Minute Order of the same date.

**BACKGROUND**

Plaintiffs first brought this action on behalf of themselves and others allegedly similarly situated. When Bayer challenged the class action allegations, Plaintiffs did not substantively

---

[1] The Court notes the late-filed reply brief by Bayer and the attendant application for consideration pursuant to Federal Rule of Civil Procedure 60(b). Regardless of whether the Court considers Bayer's reply brief, which is not required in any event, the result would be the same.

1  object, and prior to Court's ruling, elected to dismiss all class action allegations. Plaintiffs'
2  Second Amended Complaint now contains four individual plaintiffs with different work
3  histories, in four different jobs over different time periods, involving different legal issues
4  arising out of different causes of action, all involving different facts.[2] As a result, Defendants
5  now move to sever the various plaintiffs' claims.

**ANALYSIS**

Federal Rule of Civil Procedure 20(a) permits joinder of plaintiffs in one action where: "(1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citations omitted). If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. *Id.* In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint. *Id.* The determination of whether severance is appropriate lies within the sound discretion of the trial court. *Id.*

Plaintiffs fail to satisfy both prongs for the test of permissive joinder. The first prong requires the claims arise out of the same transaction or occurrence and requires similarity in the factual background of the claims. In this case, each plaintiff is alleging a different wrong – one plaintiff claims that he was denied tools, another that he was not trained properly, another that he was not promoted, and yet another that he was unfairly terminated. The only commonality, the race of each of the plaintiffs and their subsequent allegation of discrimination, is insufficient to create a common transaction or occurrence. Plaintiffs' contention of an alleged practice of racial discrimination is not sufficient to create a common transaction or occurrence.

Moreover, plaintiffs fail to satisfy the second prong of the test for permissive joinder, that is, they fail to show that there exist common issues of law or fact. The "mere fact that all

---

[2] In this regard, the Court takes judicial notice of the plaintiffs' EEOC filings, as well as takes into account the claims as set for in plaintiffs' Second Amended Complaint.

2

1  Plaintiffs' claims arise under the same general law does not necessarily establish a common
2  question of law or fact." *See id.* at 1351.  Plaintiffs' claims deal with different work histories,
3  different jobs over different time periods, different legal issues arising out of different causes of
4  action, different standards for the relevant causes of action, different procedures, and different
5  facts. *See id.*; *see also* Second Amended Complaint and Bayer's Request for Judicial Notice.  If
6  the Court did not sever the matters, it would still have to give each claim individualized
7  attention.

8  Where the test for permissive joinder is not satisfied, the Court may, in its discretion,
9  sever the misjoined parties as long as not substantial right would be prejudiced by the
10  severance.  *See* Fed. R. Civ. P. 21; *Coughlin*, 130 F.3d at 1350.  Here, Plaintiffs have not argued
11  that they would be prejudiced by severance, and instead contend that Bayer would not be
12  prejudiced by joinder.  The Court finds that Plaintiffs would not suffer any substantial prejudice
13  upon severance and Bayer would indeed face the cumulative risk of prejudice by an unduly
14  biased jury if the separate cases were allowed to proceed together.  In addition, judicial
15  economy is served by proceeding with separate discovery, separate dispositive motions
16  proceedings, and separate ADR efforts.  The Court also finds that any discovery, especially, but
17  not limited to expert discovery, that is helpful in more than one of the newly-filed cases, should
18  , by agreement of counsel, be used in the related, but severed matters.

### CONCLUSION

20  For the foregoing reasons, Bayer's motion to sever pursuant to Federal Rule of Civil
21  Procedure 21 is HEREBY GRANTED.  The claims alleged by plaintiffs Nathaniel Woods,
22  Dwight Dove and Haben Berhane are severed and dismissed without prejudice.  Plaintiff Lavon
23  Jones, Jr.'s case shall proceed under Case number C03-5531 JSW.  Plaintiff Jones is HEREBY
24  ORDERED to file a Third Amended Complaint setting out the causes of action and facts unique
25  to his own claims by no later than July 15, 2005.

26  In addition, the severed plaintiffs – Nathaniel Woods, Dwight Dove and Haben Berhane
27  – shall file separate complaints, if any, by no later than July 15, 2005.  These complaints shall
28  relate back to the original complaint filed in this matter.  Upon filing, the severed plaintiffs shall

3

1  file a notice of related cases with each separate complaint, enabling this Court to relate the
2  matters in order to continue to preserve court resources.  The Court cannot yet set case
3  management dates in the severed and related (but as yet unfiled) matters, but intends to track the
4  same or similar dates in those matters with the case management dates already set out for the
5  remaining plaintiff in this matter, Lavon Jones, Jr.[3]  In that regard, the Court strongly urges the
6  parties to maintain their agreed-upon discovery schedule for the severed matters.

7  Lastly, the case management dates in this matter will not change, as set by the Court
8  during the March 11, 2005 case management conference and as reflected in the Court's Civil
9  Minute Order of the same date.

11  **IT IS SO ORDERED.**

13  Dated: June 23, 2005                                       /s/ Jeffrey S. White
                                                              JEFFREY S. WHITE
14                                                            UNITED STATES DISTRICT JUDGE

---

[3] Should the severed plaintiffs re-file their separate complaints, the Court intends to set the same case management dates as this matter, with the exception of the trial and pretrial conference dates, which will, of course, have to be staggered.  The filing of the new complaint will trigger case management conference dates in which the Court will address any remaining specifics.