IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON JONES JR., et al., | |
| Plaintiffs, | No. C 03-05531 JSW |
| v. | |
| BAYER CORPORATION, INC., | **SECOND ORDER RE DISCOVERY DISPUTE RE INDEPENDENT MEDICAL EXAMINATION** |
| Defendant. | |

The Court has received the parties' joint letter brief dated July 27, 2006, outlining their second discovery dispute regarding Plaintiff's Independent Medical Examination ("IME"). The Court requires further submissions from Plaintiff in order to resolve the issue.

On March 29, 2006, this Court, presented with Plaintiff's failure to cooperate with the first session of the IME, ordered Plaintiff to submit to a further session with Defendant's medical examiner, Dr. Randall B. Smith. The Court found, and again reiterates, that there is no dispute between the parties that Plaintiff's mental condition is in controversy. *See* Fed. R. Civ. P. 35(a). Plaintiff's failure fully to cooperate in the administration of the IME would result in impeding Bayer's right to defend itself against the claims for emotional distress.

Again, Defendant alleges that Plaintiff has not been fully cooperative in his submission to the IME. Defendant alleges, as does Dr. Smith, that Plaintiff deliberately attempted to invalidate the test results by falsifying his answers and therefore has willfully disobeyed this Court's discovery orders. Dr. Smith concludes that, based on the particular configuration of examination results and the presentation of Plaintiff in both his sworn deposition and his

1  interviews with the doctor, Plaintiff has been deliberately uncooperative during testing and has
2  consciously and systematically misrepresented his cognitive and functional abilities in an active
3  effort to exaggerate his purported deficits.

4      Plaintiff's expert, Dr. Robert L. Kaufman, opines that although "the configuration of
5  [test results] is quite unusual, [it] does not necessarily point to malingering, ... but could be due
6  to an unusually high level of emotional distress or the embellishment of existing distress and
7  symptoms." In Plaintiff's counsel's portion of the joint letter brief, counsel represents that
8  Plaintiff "has stated to counsel unequivocally that he did not falsify answer, but answered to the
9  best of his knowledge, understanding, and ability." (Joint letter at 3.)

10     In order to assess whether Plaintiff has violated this Court's orders requiring full
11 cooperation with the independent examination by Dr. Smith, the Court requires further
12 submissions from Plaintiff. By no later than August 11, 2006, Plaintiff shall submit a sworn
13 declaration attesting to the veracity of his conduct at the April 25, 2006 visit with Dr. Smith.
14 The declaration shall include an explanation of whether Plaintiff has fully complied with this
15 Court's previous orders requiring him to submit truthfully and cooperatively with the
16 independent medical examination. If Plaintiff has secured a mental health expert, such expert
17 shall also submit a sworn declaration by no later than August 11, 2006 regarding his or her
18 opinion as to the veracity of Plaintiff's representations on the cognitive and psychological tests
19 and procedures performed by Dr. Smith. In opining as to Plaintiff's conduct, such expert, if
20 any, must take into account the full record of discovery in this matter, including the deposition
21 taken of Plaintiff.

22     Once the Court has received the supplemental submissions, it will issue a final order
23 regarding the parties' outstanding discovery dispute.

24 **IT IS SO ORDERED.**

26 Dated: August 2, 2006

                                      JEFFREY S. WHITE
27                                       UNITED STATES DISTRICT JUDGE