IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAVON JONES, JR.,

    Plaintiff,

  v.

BAYER HEALTHCARE LLC,

    Defendant.
                                              /

No. C 03-05531 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 23, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant's motion for summary judgment.

The parties shall each have 20 minutes to address the following questions:

1. The caption of Plaintiff's Third Amended Complaint lists a hostile work environment claim. However, there is no such claim enumerated in the complaint itself. Does Plaintiff intend to maintain a claim for hostile work environment in violation of 42 U.S.C. § 2000e-2(a)(1)(2)? If so, on what basis?

2. In order to establish a prima facie case of discrimination, Plaintiff must demonstrate that he was qualified for the available position. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). On what basis in the record does Plaintiff contend that he was qualified for promotion to A level mechanic?

3. In order to establish a prima facie case of discrimination, Plaintiff must demonstrate that similarly situated individuals not in the protected class were treated more favorably. *St. Mary's Honor,* 509 U.S. at 506. How does Plaintiff maintain that he was treated differently from similarly-situated individuals not his protected class? How can the HVAC department be set aside as a representative sample?

4. Should Plaintiff be able to establish a prima facie case, the burden would shift to Bayer to assert a legitimate business reason not to promote him. Because Bayer presents evidence demonstrating such a reason, Plaintiff bears the burden of demonstrating that Defendant's articulated reason is pretextual. Plaintiff may do so "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence." *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437 (9th Cir. 1990) (internal cites and quotations omitted). What specific evidence in the record demonstrates that Bayer's articulated reason is pretextual?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE